**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4036

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHN DAWSON PIERCE,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.  James C. Fox,
Senior District Judge.  (2:09-cr-00011-F-1)

Submitted:  February 1, 2011          Decided:  March 14, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Jennifer  P.  May-Parker,  Assistant  United  States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, John Dawson Pierce pled guilty to operating a still without a license, in violation of 26 U.S.C. § 5601(a)(4) (2006) (Count Two), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count Five). The district court sentenced Pierce to thirty months of imprisonment. Pierce's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court procedurally erred in failing adequately to address Pierce's motion for a variance sentence. Pierce did not file a pro se supplemental brief, although informed of his right to do so. The Government has moved to dismiss Pierce's appeal of his sentence based on the appellate waiver in his plea agreement. In response, Pierce contends that the Government's motion is premature because this court has not yet conducted its review of the record, as required by Anders.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). To determine whether a waiver is knowing and intelligent, this court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea

agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver when "the issue being appealed is within the scope of the waiver." Id.

Here, Pierce's appeal waiver expressly precluded him from appealing any sentence within the advisory Guideline range established at sentencing. Because the sentence imposed was within that range, any challenge to the sentence, including the issue raised in Pierce's Anders brief, falls within the scope of the waiver. Moreover, Pierce does not challenge the voluntariness of his waiver. Accordingly, we conclude that the waiver is enforceable and grant the Government's motion to dismiss his appeal of the sentence.

The waiver, however, does not preclude our review of the conviction. We have examined the entire record in accordance with the requirements of Anders and have found no

3

unwaived and meritorious issues for appeal. Therefore, we affirm Pierce's conviction.

This court requires that counsel inform Pierce in writing of his right to petition the Supreme Court of the United States for further review. If Pierce requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pierce. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART